ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| PADUIL TORRES MÉNDEZ, Recurrente, v. JUNTA DE DIRECTORES DEL CONDOMINIO CRASHBOAT APARTMENTS y su presidenta RUTH FEBLES DÍAZ; REBECCA MALDONADO, secretaria, Recurrida. | KLRA202400132 | REVISIÓN procedente del Departamento de Asuntos del Consumidor (DACo). Querella núm.: C-SAN-2022-0011103. Sobre: Ley de Condominios. |
|---|---|---|

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 30 de mayo de 2024.

El recurrente, Paduil Torres Méndez, instó el presente recurso el 14 de marzo de 2024. Nos solicita que revisemos la *Resolución* emitida por el Departamento de Asuntos del Consumidor (DACo) el 5 de julio de 2023, notificada al día siguiente. Mediante esta, el foro administrativo desestimó la querella presentada por el recurrente, y dispuso para su cierre y archivo.

Por los fundamentos que expondremos a continuación, **confirmamos** la *Resolución* recurrida.

I

El 11 de marzo de 2022, el señor Torres Méndez presentó una querella ante el DACo en contra de la Junta de directores del Condominio Crashboat Apartments, compuesta por su presidenta, la Sra. Ruth Febles Díaz, y la secretaria, la Sra. Rebeca Maldonado[1]. Ello, al amparo de la Ley

---

[1] *Véase*, apéndice del recurso, a las págs. 171-173.

Número identificador

SEN2024_____

Núm. 129-2020, según enmendada, intitulada *Ley de Condominios de Puerto Rico*, 31 LPRA sec. 1291, *et seq.*,

En su querella, el recurrente indicó que era titular del apartamento núm. 504 ubicado en el Condominio Crashboat Apartments, en el municipio de Aguadilla[2]. En lo concerniente, alegó que la junta de directores impuso una derrama para la instalación de una batería de contadores, sin que se convocase a una reunión extraordinaria de los titulares, según requerido por el precitado estatuto. Además, sostuvo que la fachada del complejo fue alterada en violación a Ley Núm. 129-2020. A su vez, alegó que en varias ocasiones había solicitado, sin éxito, una certificación de deuda.

De otra parte, expresó que le impusieron el pago de una derrama de $6,000.00, pagadera en plazos por un término de seis (6) meses, la cual indicó a la junta que no podía pagar, por lo cual solicitó que se le permitiera pagar $200.00 mensuales; su petición fue denegada. Añadió que, como consecuencia del impago, le suspendieron el servicio de agua potable.

Por último, sostuvo que la junta le envió una carta por correo certificado, en que le cobraba las cantidades adeudadas, sin embargo, no le entregó la certificación de la Autoridad de Acueductos y Alcantarillados, que le permitiera solicitar la reconexión del servicio de agua potable. Añadió que, como consecuencia de lo anterior, incurrió en gastos adicionales para obtener la certificación de un plomero.

Tras las incidencias procesales de rigor, el 18 de mayo de 2023, el recurrente presentó una moción para enmendar la querella a los fines de solicitar la suma de $10,000.00 por concepto de los daños sufridos[3]. A su vez, expuso que, el 12 de mayo de 2023, la junta le explicó que debía

---

[2] La descripción del apartamento número quinientos cuatro (504) es como sigue: de hormigón y bloques de hormigón, localizado en el segundo piso del Condominio Crashboat Apartments, ubicado en el Barrio Borinquen del término municipal de Aguadilla, Puerto Rico, el cual tiene un área superficial de quinientos ochenta y cinco (585.00) pies cuadrados, equivalentes a cincuenta y cuatro punto tres mil cuatrocientos ochenta y tres metros cuadrados (54.3483 mc). En lindes por al Norte, con patio posterior y piscina; al Sur, con apartamento quinientos cinco (505); al Este, con patio frontal; y al Oeste, con balcón y patio posterior.

[3] *Véase*, apéndice del recurso, a las págs. 127-152.

gastos comunales, por lo que procedió a suspender el servicio eléctrico de su apartamento y a poner un candado en el pedestal de su contador.

El 16 de junio de 2023, el recurrente presentó una moción mediante la cual solicitó un término adicional para cumplir con una orden y examinar el expediente administrativo[4]. En síntesis, esbozó que, el 6 de junio de 2023, el DACo emitió una orden en la cual le concedió un término de diez (10) días para presentar una certificación negativa de deuda[5]. Sobre ello, adujo que había realizado gestiones para obtener dicha certificación, pero la misma no cumplía con lo solicitado. En virtud de lo anterior, pidió un término adicional de veinte (20) días para cumplir con lo ordenado.

No obstante, el 5 de julio de 2023, el DACo emitió una *Resolución Sumaria*[6]. En la referida resolución, expuso que el señor Torres Méndez había incumplido con la *Notificación y Orden* que emitiera el DACo el 6 de junio de 2023, en la cual se le había concedido el término de diez (10) días para que presentara una certificación negativa de deuda reciente y actualizada, sobre cuotas de mantenimiento, seguro, multas y derramas, emitida por la administración del condominio, **apercibiéndole de que, de no cumplir con lo ordenado, el Departamento procedería al cierre y archivo sin perjuicio de la querella, sin más citarle ni oírle**. Aclaró que la forma de actuar del recurrente había violentado lo dispuesto en el Art. 65 de la Ley de Condominios y la Regla 25 del Reglamento Núm. 9836, también conocido como *Reglamento de Condominios*, aprobado el 6 de junio de 2022 (Reglamento 9836). Por tanto, desestimó la querella presentada por el recurrente y concluyó que procedía resolver la reclamación de forma sumaria, toda vez que no existía una controversia real de hechos. En consecuencia, ordenó el cierre y archivo de la querella presentada por el señor Torres Méndez.

---

[4] *Véase*, apéndice del recurso, a las págs. 86-94.

[5] La referida orden no fue adjuntada al expediente, sin embargo, su contenido surge de la resolución sumaria emitida por el foro administrativo. *Íd.*, a la pág. 121.

[6] *Íd.*, a las págs. 121-126.

Cabe resaltar que entre las determinaciones de hechos esbozadas por la agencia surge que, el 22 de junio de 2023, la tesorera de la Junta de directores del Condominio Crashboat, emitió una certificación de deuda que indicaba que, a dicha fecha, el señor Torres Méndez tenía una deuda por concepto de cuotas de mantenimiento y derrama por la cantidad de $1,290.00.

El 17 de julio de 2023, el señor Torres Méndez presentó su moción de reconsideración, en la cual señaló que las determinaciones de hechos y las conclusiones de derecho de la resolución objeto de controversia no estaban sustentadas por el expediente administrativo[7]. En particular, alegó que solicitó prórroga para cumplir con la orden del DACo y que existía controversia sobre la certificación de la deuda. Por tanto, razonó que procedía devolver el caso ante el juez administrativo.

El 21 de julio de 2023, el señor Torres Méndez presentó una moción suplementaria a su moción de reconsideración[8], en la que adujo que el DACo no había notificado correctamente la resolución sumaria emitida el 5 de julio de 2023. En específico, planteó que la dirección postal a la que se le había notificado era incorrecta y que la junta no tenía dirección postal. En respuesta, el DACo emitió una orden, notificada el 29 de agosto de 2023[9]. En ella, modificó la forma en que se notificaría la resolución recurrida.

Recibida esta notificación, el 15 de septiembre de 2023, el recurrente presentó una moción de reconsideración[10]. En síntesis, planteó que debía reconsiderarse la resolución emitida, pues previo a que se emitiera la misma, este había solicitado un término adicional para cumplir con lo ordenado por el DACo. Sin embargo, señaló que, sin atenderse esta petición, se emitió la aludida resolución sumaria. También, arguyó que

---

[7] *Véase*, apéndice del recurso, a las págs. 102-111.

[8] *Íd.*, a las págs. 95-101.

[9] Véase, *Sentencia* en el recurso de revisión núm. KLRA202300550, a la pág. 8, citando el expediente administrativo, a las págs. 17-19.

[10] *Véase,* apéndice del recurso, a las págs. 8-9, citando el expediente administrativo, a las págs. 4-50.

existía controversia con relación a lo que la junta indicaba era la deuda y que la certificación de deuda que le fue cursada por correo electrónico era incorrecta.

En respuesta, el 22 de septiembre de 2023, el DACo emitió una resolución en que declaró sin lugar la moción de reconsideración[11].

Inconforme con el dictamen del DACo, el 23 de octubre de 2023, el señor Torres Méndez presentó un recurso de revisión ante este foro, al cual se le asignó el alfanumérico KLRA202300550[12]. En este, solicitó se revocase la resolución emitida por el DACo el 5 de julio de 2023.

Atendido el recurso, el 4 de diciembre de 2023, este panel emitió una *Sentencia* mediante la cual desestimó el recurso por falta de jurisdicción, dado que la notificación de la denegatoria de la reconsideración había sido defectuosa[13]. A su vez, devolvió el caso al DACo para las acciones correspondientes.

Conforme ordenado, el 13 de febrero de 2024, el DACo notificó adecuadamente la resolución en reconsideración que se había emitido el 22 de septiembre de 2023[14].

Tras ello, el señor Torres Méndez incoó este recurso el 14 de marzo de 2024, y formuló los siguientes señalamientos:

> Erró el Departamento de Asuntos del Consumidor (DACO) al emitir una resolución sumaria para resolver la controversia presentada contraria a derecho.
>
> Erró el Departamento de Asuntos del Consumidor (DACO) al emitir una resolución sumaria para resolver la controversia presentada sin fundamento en el expediente administrativo.

(Énfasis omitido).

El 18 de marzo de 2024, emitimos una *Resolución* y otorgamos a la parte recurrida un término para que compareciera y presentara su oposición; el término concedido vencía el lunes, **15 de abril de 2024**.

---

[11] *Véase*, apéndice del recurso, a las págs. 44-46.

[12] *Íd.*, a las págs. 25-43.

[13] *Íd.*, a las págs. 7-24.

[14] *Íd.*, a las págs. 1-4.

Vencido el término, la parte recurrida no presentó escrito alguno, por lo que resolvemos sin el beneficio de su comparecencia.

II

A

Es norma reiterada que las decisiones de los organismos administrativos merecen la mayor deferencia judicial, pues son estos los que cuentan con el conocimiento experto de los asuntos que les son encomendados. *Super Asphalt v. AFI y otro*, 206 DPR 803, 919 (2021). Además, al momento de revisar una decisión administrativa, el criterio rector para los tribunales será la razonabilidad de la actuación de la agencia. *González Segarra et al. v. CFSE*, 188 DPR 252, 276 (2013). Debido a que toda sentencia o determinación administrativa está protegida por una presunción de corrección y validez, la parte que acude a este Tribunal de Apelaciones tiene el deber de colocar a este foro en posición de conceder el remedio solicitado. *Morán v. Martí,* 165 DPR 356, 366 (2005).

A su vez, el estándar de revisión judicial en materia de decisiones administrativas se circunscribe a determinar: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hechos de la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo; y, (3) si las conclusiones de derecho fueron correctas. *Asoc. FCIAS. v. Caribe Specialty II*, 179 DPR 923, 940 (2010).

Así pues, las determinaciones de hechos de organismos y agencias "tienen a su favor una presunción de regularidad y corrección que debe ser respetada mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas". *Vélez v. A.R.Pe.*, 167 DPR 684, 693 (2006). Es por ello que la revisión judicial ha de limitarse a determinar si la agencia actuó de manera arbitraria, ilegal, irrazonable, o fuera del marco de los poderes que se le delegaron. *Torres v. Junta Ingenieros*, 161 DPR 696, 708 (2004).

Cónsono a lo anterior, con el propósito de "convencer al tribunal de que la evidencia en la cual se fundamentó la agencia para formular una determinación de hecho no es sustancial, la parte afectada debe demostrar que existe otra prueba en el expediente que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración". *Misión Ind. P.R. v. J.P.*, 146 DPR 64, 131 (1998).

No obstante, las conclusiones de derecho de las agencias administrativas serán revisables en toda su extensión. *Torres Santiago v. Depto. Justicia*, 181 DPR 969, 1003 (2011); *Asoc. Fcias. v. Caribe Specialty II*, 179 DPR, a la pág. 941. Sin embargo, esto no significa que los tribunales podemos descartar libremente las conclusiones e interpretaciones de la agencia. *Otero v. Toyota*, 163 DPR 716, 729 (2005).

En fin, como ha consignado el Tribunal Supremo, la deferencia concedida a las agencias administrativas únicamente cederá cuando: (1) la determinación administrativa no esté basada en evidencia sustancial; (2) el organismo administrativo haya errado en la aplicación o interpretación de las leyes o los reglamentos que se le ha encomendado administrar; (3) cuando el organismo administrativo actúe arbitraria, irrazonable o ilegalmente, al realizar determinaciones carentes de una base racional; o, (4) cuando la actuación administrativa lesione derechos constitucionales fundamentales. *Super Asphalt v. AFI y otro*, 206 DPR, a la pág. 819, que cita a *Torres Rivera v. Policía de Puerto Rico*, 196 DPR 606, 628 (2016); *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712, 744-745 (2012).

B

El Reglamento del DACo Núm. 8034 (Reglamento 8034) del 14 de junio de 2011, intitulado *Reglamento de Procedimientos Adjudicativos*, cual expresa su título, establece las reglas que habrán de gobernar los procedimientos adjudicativos ante dicha agencia. En lo pertinente al caso del título, la Regla 11 dispone:

> El departamento ordenará el cumplimiento de lo que proceda conforme a Derecho sin la celebración de vista administrativa, cuando luego de las partes haber hecho sus planteamientos y de haber evaluado la evidencia, no surja una controversia real de hechos. En tal caso, **si una de las partes solicita reconsideración, se citará a vista en reconsideración siempre que se establezca la existencia de una controversia real sobre hechos pertinentes**.

(Énfasis nuestro).

## III

Según expuesto, el recurrente sostiene que el DACo erró al desestimar la querella y al emitir una resolución sumaria para resolver la controversia. Además, aduce que incidió al fundamentar su determinación en información que no constaba en el expediente.

El argumento de la parte recurrente se reduce a plantear que no incumplió con la orden emitida por el DACo el 6 de junio de 2023, en la medida en que presentó una solicitud de prórroga y la revisión del expediente administrativo, lo cual no fue atendido por el referido foro. De otra parte, sostiene que existe una controversia real de hechos en cuanto a la certificación de deuda presentada por la parte recurrida y a la cual aludió DACo en sus determinaciones de hechos[15]. No le asiste la razón. Veamos.

Tal cual expresamos, la deferencia concedida a las agencias administrativas cederá cuando la determinación administrativa no esté basada en evidencia sustancial o el organismo administrativo haya errado en la aplicación o interpretación de las leyes o los reglamentos que se le ha encomendado administrar. De otra parte, también cederá cuando el organismo administrativo actúe arbitraria, irrazonable o ilegalmente, al realizar determinaciones carentes de una base racional, o cuando la actuación administrativa lesione derechos constitucionales fundamentales.

En esta ocasión, el recurrente pretende que este Tribunal revoque una determinación administrativa al amparo de una solicitud de prórroga

---

[15] En específico, se refirió a la determinación núm. 7; apéndice del recurso, a la pág. 123.

que únicamente contiene alegaciones generalizadas. Evaluada la totalidad del expediente ante nos resulta evidente que el foro administrativo, no solo otorgó un término razonable para que el recurrente entregara la documentación solicitada, sino que, según expuesto, estaba facultado para resolver a controversia de manera sumaria.

Adicionalmente, es preciso apuntar que el foro administrativo basó su determinación sumaria en el Art. 65 de la Ley de Condominios, 31 LPRA sec. 1923j, el cual establece claramente en su parte pertinente que:

.        .        .        .        .        .        .        .

> El titular que quiera impugnar una acción u omisión de la Junta de Directores, del Administrador Interino, del Agente Administrador o un acuerdo del Consejo de Titulares **tendrá que demostrar que no tiene ningún tipo de deuda con el Consejo de Titulares** y que entregó copia del documento mediante el cual adquirió su apartamento a la Junta de Directores. Será excepción al requisito de no deuda, cuando la impugnación sea para cuestionar la deuda que alegadamente [*sic*] tiene. En el caso de impugnación de acuerdos del Consejo de Titulares tendrá que acreditar que estuvo presente o representado en la asamblea en que se tomó el acuerdo que impugna y que votó en contra de este. Si estuvo ausente a pesar de que fue debidamente notificado deberá probar que su ausencia estuvo justificada.
> .        .        .        .        .        .        .        .

(Énfasis nuestro).

En autos obraba la certificación de la deuda que mantenía el señor Torres Méndez con el condominio. Independientemente de que hubiera alguna discrepancia en las cantidades adeudadas, no cabe duda de que el reclamo del peticionario ante el DACo no trataba de la impugnación de la derrama o de las cuotas que se le cobraban, sino de asuntos tales como los cambios a la fachada del condominio y de las acciones tomadas por la junta del condominio a la luz de sus impagos. Por tanto, le era de aplicación cabal lo dispuesto en el citado Art. 65.

Finalmente, concluimos que la parte recurrente no logró demostrar que el foro administrativo hubiera errado al emitir una resolución sumaria, ni al denegar la subsiguiente reconsideración de esta. Lo anterior, pues no estableció la existencia de una controversia real sobre los hechos pertinentes.

IV

Por los fundamentos antes expuestos, **confirmamos** la *Resolución* recurrida.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

IV

Por los fundamentos antes expuestos, **confirmamos** la *Resolución* recurrida.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.