EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Miguel Morán Rios, et al.<br><br>Demandantes-Recurridos<br><br>v.<br><br>Oscar Marti Bardisona, et al.<br><br>Demandados-Peticionarios | Certiorari<br><br>2005 TSPR 110<br><br>165 DPR _____ |

Número del Caso: CC-2004-780

Fecha: 5 de agosto de 2005

Tribunal de Circuito de Apelaciones:

                 Región Judicial de San Juan

Juez Ponente:

                 Hon. Zadette Bajandas Vélez

Abogado de la Parte Recurrida:

                 Lcdo. Roberto Vélez Baez

Abogado de la Parte Peticionaria:

                 Lcdo. Jorge L. Suarez Montes

Materia: Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Miguel Morán Rios, *et al.*

  Demandantes-Recurridos

           v.
                                        CC-2004-780

Oscar Marti Bardisona, *et al.*

  Demandados-Peticionarios

PER CURIAM

San Juan, Puerto Rico, a 5 de agosto de 2005

Nos corresponde resolver en esta ocasión si procede revocar la sentencia dictada por el Tribunal de Apelaciones por carecer ese tribunal de jurisdicción para dilucidar los méritos de la apelación presentada, por cuanto el recurso instado incumplía con los requisitos exigidos por el Reglamento del Tribunal de Apelaciones y las Reglas de Procedimiento Civil que regulan el contenido de un escrito de apelación. Por entender que el foro apelativo asumió jurisdicción impropiamente, revocamos su determinación.

I

Los hechos del caso de autos son sencillos y sobre los mismos no hay controversia alguna.

El 19 de agosto de 1997 los demandantes, el señor Miguel Morán Ríos, la señora Iris Trinidad Vélez, por sí y en representación de la menor Janis Morán Trinidad (los demandantes o los esposos Morán-Trinidad), instaron una demanda en daños y perjuicios contra el señor Oscar Martí Bardisona, su esposa y la sociedad legal de gananciales (los demandados o los esposos Martí). Los demandantes reclamaron por unos daños alegadamente sufridos como resultado de un accidente automovilístico que involucraba a los demandados.

El caso de autos ha proseguido un trámite azaroso en el fallido intento de la parte demandante de diligenciar los emplazamientos a los esposos Martí. Baste señalar que seis años después de presentarse la demanda, aun los demandados no han sido emplazados correctamente.

La demanda en este caso se instó en agosto de 1997. Once meses más tarde, los demandantes solicitaron que los esposos Martí fuesen emplazados mediante edicto. Así se hizo y posteriormente se les anotó la rebeldía. Los demandados y su compañía de seguros acudieron al tribunal de instancia y, sin someterse a la jurisdicción del tribunal, impugnaron el emplazamiento por edicto y la anotación de rebeldía. Eventualmente ese planteamiento fue dilucidado ante el Tribunal de Apelaciones quien anuló los

emplazamientos por edicto y dejó sin efecto la anotación de rebeldía ordenando que se emplazara nuevamente.

Devuelto el caso a instancia, los demandantes procuraron diligenciar los emplazamientos de los demandados. Todos los intentos fueron infructuosos. Eventualmente, el tribunal de instancia les concedió un término final de treinta (30) días para diligenciar los mismos. Advirtió en su orden que habían transcurrido ya seis años desde que se presentó la demanda sin que se hubiese adquirido jurisdicción sobre los esposos Martí, por lo que su orden era final e improrrogable y su incumplimiento acarrearía la desestimación de la demanda. Esta determinación fue notificada tanto a la representación legal de la parte demandante como a los esposos Morán-Trinidad. Los demandantes incumplieron y el foro primario desestimó la demanda. La sentencia fue dictada el 18 de noviembre de 2003 y archivada en autos el 8 de diciembre de 2003.

Inconforme con esa determinación, el 19 de diciembre de 2003, dentro del término jurisdiccional para apelar, la parte demandante acudió ante el Tribunal de Apelaciones mediante un escrito que tituló en su carátula "Apelación solicitud término". El cuerpo del escrito presentado consta de cinco (5) acápites, a saber: el primero, donde se invoca la jurisdicción del tribunal; el segundo, describe la sentencia apelada; el tercero contiene una muy sucinta relación de los hechos del caso. En el cuarto acápite se identificó como error lo siguiente: "Erro (sic)

Instancia al decretar la desestimación de la demanda sin celebrar una vista en sus méritos, para determinar la responsabilidad **de la aseguradora**, en las circunstancias de este caso, estando bajo la jurisdicción del Tribunal." El quinto acápite se tituló "solicitud de término para apelar." El texto completo informa lo siguiente:

> El abogado que suscribe tiene previamente programado pasar fuera de Puerto Rico el periodo navideño, junto a sus hijas y nietos en Washington y Boston, y no regresamos hasta pasado los Reyes, **por lo que le será imposible preparar el recurso de Apelación dentro del término jurisdiccional exponiendo en detalle los fundamentos a los errores cometidos por Instancia.** Ante esta situación con el mayor de los respetos solicitamos de este Hon. Tribunal nos permita, el término de treinta días para apelar ha (sic) partir del 15 de enero de 2004. (Énfasis nuestro.)

El escrito presentado obvió por completo la discusión del error señalado en el mismo. Luego de esta sección solo aparece la súplica, firma del abogado y, la certificación de notificación a las partes.

El 3 de marzo de 2004, **fuera del plazo para apelar**, los demandantes presentaron un "escrito suplementario a apelación". En este documento, hay un intento de discusión del error señalado, que como vimos, no se hizo en la apelación presentada dentro del término jurisdiccional para apelar. Ahora bien, cabe destacar, que en este documento los demandantes **modificaron el error originalmente señalado y cuestionaron, por primera vez en alzada, que no se les**

**concediera una prórroga para diligenciar los emplazamientos.**[1]

La parte demandada se opuso a que el Tribunal de Apelaciones entendiera en la "apelación" presentada y solicitó del foro apelativo que desestimara la misma por falta de jurisdicción. Apuntó en su escrito que el demandante había presentado una solicitud de prórroga no una apelación. Indicó también que el apéndice del recurso estaba incompleto por lo que no cumplía con las exigencias del Reglamento del Tribunal de Apelaciones (el Reglamento).

El 28 de mayo de 2004, el Tribunal de Apelaciones dictó sentencia revocando al tribunal de instancia e imponiéndole al abogado del demandante una sanción económica de $500.00. Como cuestión de umbral, el tribunal discutió el asunto sobre su jurisdicción. Sobre este particular el foro apelativo enmarcó su discusión en la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201 de 22 de agosto de 2003, 4 L.P.R.A. secs. 24 *et seq.*, donde se promueve el mayor acceso de la ciudadanía a los procesos judiciales "eliminando obstáculos y barreras que impidan impartir justicia apelativa a los

---

[1] El error señalado ahora lee de la siguiente manera:

> "Erro (sic) Instancia al decretar la desestimación de la demanda sin celebrar una vista en sus méritos, para determinar la responsabilidad de la aseguradora en las circunstancia de este caso, estando bajo la jurisdicción del Tribunal. **Así también al no ampliar el término para emplazar al demandado y emitir la orden solicitada requiriendo el acceso para diligenciar el emplazamiento.**" (Énfasis nuestro.)

ciudadanos con reclamos válidos." Art. 4.002 de la Ley Núm. 201, 4 L.P.R.A. sec. 24 u. Así pues concluyó:

> [A]un cuando es sucinto y sencillo [el escrito de apelación] en su exposición, unido a los documentos provistos en su apéndice, es lo necesariamente particular para que este Tribunal pueda comprender el error planteado por los apelantes y proceda con la revisión conforme a derecho. Aunque dicho escrito no representa la calidad y laboriosidad que debe caracterizar todo recurso apelativo, esto no significa, que carecemos de jurisdicción en el caso. **Es nuestro deber entender en todo escrito de apelación presentado dentro del término jurisdiccional, independientemente de que, éste no sea el más idóneo.** (Énfasis nuestro.)

Inconforme con esta determinación la parte demandada, ahora peticionaria, acudió ante nosotros señalando que erró el foro apelativo al asumir jurisdicción en el caso de epígrafe.

Acordamos revisar y contando con la comparecencia de las partes pasamos a resolver.

## II

Todo abogado tiene la obligación y el deber de cumplir a cabalidad y con rigurosidad, con los requisitos dispuestos en las leyes y los reglamentos respecto el perfeccionamiento de los recursos apelativos presentados. *Matos v. Metropolitan Marble Corp.*, 104 D.P.R. 122 (1975); *Arriaga v. F.S.E.*, 145 D.P.R. 122 (1998). Los abogados deben "demostrar celo, cuidado y diligencia en la tramitación de todos los asuntos judiciales." *Pellot Ferrer v. Avon Mirabella*, Inc., res 7 de agosto de 2003, ___ D.P.R. ___, 2003 JTS 132. No puede quedar al arbitrio de los abogados decidir qué disposiciones reglamentarias

deben acatarse y cuáles no. *Matos, ante*, pág. 125. Las partes, **o el foro apelativo**, no pueden "soslayar injustificadamente el cumplimiento del reglamento de[l tribunal de apelaciones]". *Arriaga*, *ante*, pág. 130.

Por otro lado, en reiteradas ocasiones hemos indicado que los tribunales deben ser celosos guardianes de su jurisdicción y el foro judicial no tiene discreción para asumir jurisdicción allí donde no la hay. *Martínez v. Jta. de Planificación,* 109 D.P.R. 839, 842 (1969). Véase además, *Pellot, ante; Carattini v. Collazo Systems Análisis, Inc.,* res. 3 de enero de 2003, 158 D.P.R. \_\_\_, 2003 JTS 4; *Gobernador de P.R. v. Alcalde de Juncos,* 121 D.P.R. 522, 530 (1988); *Rodríguez v. Registrador*, 75 D.P.R. 712, 716 (1953). La sentencia dictada por un tribunal sin jurisdicción es nula por lo cual carece de eficacia. *Vázquez v. A.R.P.E.*, 128 D.P.R. 513, 537 (1991).

Las cuestiones relativas a la jurisdicción de un tribunal, por ser privilegiadas, deben resolverse con preferencia a cualesquiera otras. *Autoridad sobre Hogares v. Sagastivelza*, 71 D.P.R. 436 (1950). Cuando el Tribunal de Apelaciones asuma jurisdicción en un recurso cuando no la tenga es nuestro deber así declararlo y desestimar el recurso. *Arriaga, ante; Dalmau v. Quiñónez*, 78 D.P.R. 551 (1950); *Ponce v. F. Badrena e Hijos, Inc.*, 74 D.P.R. 225, 249 (1952).

La Regla 52 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 52, establece el marco legal de referencia para tramitar los recursos de apelación,

CC-2004-780

certiorari y certificación. A esos efectos, la Regla 52.1 ordena que el procedimiento ante el Tribunal de Apelaciones para atender y disponer de un recurso de apelación se tramitará "de acuerdo con la ley aplicable, estas reglas, y con las reglas que adopte el Tribunal Supremo."

El término jurisdiccional para presentar una apelación es de treinta (30) días contados a partir del archivo en autos de la copia de la notificación de la sentencia. Regla 53.1 (c) de las Reglas de Procedimiento Civil. *López Rivera v. A.F.F.*, 89 D.P.R. 414, 419 (1963); *González Santos v. Bourns P.R., Inc.*, 125 D.P.R. 48, 56 (1989); *Filiberto v. Soc. de Gananciales*, 147 D.P.R. 834 (1999). Precisamente, por ser jurisdiccional el término no admite prórroga.

De otra parte, la Regla 53.1 (l)(1)(2) faculta al Tribunal de Apelaciones a solicitud de parte o *motu proprio,* a desestimar un recurso de apelación instado por falta de jurisdicción o, por no haber sido perfeccionado de acuerdo con la ley y con el reglamento aplicable.

En cuanto al contenido de la apelación, la Regla 53.2(a)(7) de las Reglas de Procedimiento Civil, indica específicamente que contendrá **"señalamientos y discusión de los errores** que a juicio del apelante cometió el tribunal apelado." (Énfasis nuestro.) Ello así toda vez que la propia regla reconoce que "[e]l escrito de apelación constituirá el alegato del apelante. **No se considerará ningún señalamiento de error omitido o no discutido en el escrito de apelación."** (Énfasis nuestro.) Regla 53.2(b)

de las Reglas de Procedimiento Civil. Por lo tanto, nuestro ordenamiento procesal apelativo exige que la apelación presentada contenga una discusión de los errores que se le imputan al foro primario, pues no se habrá de admitir alegato o memorando de autoridades con posterioridad a la presentación del escrito de apelación. Hace claro también la regla que el señalamiento de error omitido o no discutido, se tendrá por no puesto por lo que no se considerará por el foro apelativo intermedio.

Este mismo principio lo recoge la Regla 16 del Reglamento del Tribunal de Apelaciones, regla ésta que describe el contenido del escrito de apelación en casos civiles. El inciso C de dicha regla describe específicamente el contenido del cuerpo de la apelación. La Regla 16(C), en sus incisos (e) y (f), exige que el escrito presentado contenga lo siguiente:

> "(e) Un señalamiento breve y conciso de los errores que a juicio de la parte apelante cometió el Tribunal de Primera Instancia.
>
> (f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables."

Por otro lado, la Regla 16(C)(2), claramente indica lo siguiente:

> El escrito de apelación será el alegato de la parte apelante. No se permitirá la presentación de un alegato memorando de autoridades por separado. **La argumentación y los fundamentos de derecho deberán incluirse en el cuerpo del escrito de apelación.** (Énfasis nuestro.)

La normativa antes reseñada, de forma clara y precisa, **ordena** que el escrito de apelación civil presentado ante el

Tribunal de Apelaciones **señale, discuta y fundamente** el error o los errores que se le imputan al foro de instancia. De lo contrario, el tribunal estará impedido de considerar el señalamiento de error planteado. El apelante tiene la obligación de poner en posición al foro apelativo de aquilatar y justipreciar el error anotado. **Solamente mediante un señalamiento de error y una discusión fundamentada, con referencia a los hechos y las fuentes de derecho en que se sustenta, podrá el foro apelativo estar en posición de atender los reclamos que se le plantean.** Aceptar poco menos de eso convierte la apelación presentada en "un breve y lacónico anuncio de la 'intención de apelar'." *Srio del Trabajo v. Gómez Hnos. Inc.*, 113 D.P.R. 204, 207-208 (1982). Además, y más importante, el craso incumplimiento con estos requisitos impide que el recurso se perfeccione adecuadamente privando de jurisdicción al foro apelativo.

Como se observa, la Regla 53.2(b) de las Reglas de Procedimiento Civil y la Regla 16(C)(2) del Reglamento, establecen que el escrito de apelación hará las veces del alegato del apelante. Ya en el pasado habíamos expresado, que el alegato es un instrumento fundamental en la práctica apelativa no solo porque trae a la atención del foro apelativo las normas de derecho y la jurisprudencia aplicable sino, además, porque sirve "para discutir a fondo los errores alegados y para exponer de forma adecuada los fundamentos de la apelación." *In re Santiago Torres*, 144

D.P.R. 496, 499 (1997); *Pueblo v. Rivera Rodríguez*, 123 D.P.R. 467, 469 (1989). Ahí reside su importancia.

La apelación en nuestro sistema no es automática, presupone una notificación un diligenciamiento y su perfeccionamiento. Se presume además que nuestros tribunales actúan con corrección por lo que compete al apelante la obligación de demostrar lo contrario. *Pueblo v. Prieto Maysonet*, 103 D.P.R. 102, 107 (1974); *Pérez Aldarondo v. Tribunal Superior*, 102 D.P.R. 1 (1974); *Pueblo v. Reyes Morales*, 93 D.P.R. 607, 628 (1966). El apelante tiene por lo tanto, la obligación de perfeccionar su recurso según lo exige la ley y el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. Si no se perfecciona un recurso dentro del término jurisdiccional provisto para ello, el foro apelativo no adquiere jurisdicción para entender en el recurso presentado.

Procede entonces que apliquemos la normativa aquí reseñada a los hechos de este caso. Veamos.

### III

Aun bajo la óptica más liberal y flexible posible, no cabe concluir que los esposos Morán-Trinidad presentaron un verdadero escrito de apelación ante el Tribunal de Apelaciones. Lo que se presentó fue una moción de prórroga. Prórroga que estuvo revestida de una fina patina con visos de apelación. Soslayar esa realidad y concluir que en efecto se presentó una apelación ante el Tribunal de Apelaciones, es desvirtuar los procesos apelativos, y hacer

caso omiso de los dictámenes de este Tribunal, la propia Ley de la Judicatura de 2003, y las reglas y reglamentos correspondientes. A todas luces la apelación presentada era claramente improcedente y su efecto práctico no es otro que sobrecargar innecesariamente al tribunal, en perjuicio de la eficiente administración de la justicia.

El documento presentado inicialmente no contenía discusión alguna de la controversia planteada en el mismo. Hay que destacar además que en ese documento se señaló como error exclusivamente como indicamos ya, la desestimación de la demanda contra la compañía aseguradora. No es sino hasta marzo de 2004, cuando se presentó una "apelación suplementaria", que se enmendó el error para impugnar también que no se concediera un término adicional para diligenciar los emplazamientos. Esta última controversia fue el asunto que resolvió el foro apelativo primario, a pesar que este asunto nunca estuvo ante su consideración dentro del plazo jurisdiccional para apelar.

La práctica apelativa requiere y ordena que se cumplan con los requisitos procesales que establecen las Reglas de Procedimiento Civil y el Reglamento del Tribunal de Apelaciones; lo que no ocurrió en este caso. Estos requisitos le imparten certeza y orden al proceso ante un foro apelativo; a la vez que facilitan la revisión del foro primario. No puede quedar al arbitrio de los litigantes, o de los distintos paneles del Tribunal de Apelaciones, determinar qué requisitos procesales se deben cumplir. Hace ya muchas décadas conminamos a la clase togada a

cumplir con su obligación de tramitar correctamente los recursos apelativos. Así en *Bonilla v. Echeandía*, 34 D.P.R. 333, 334 (1925) dijimos: "cada vez se hace más necesario que los abogados presenten sus casos cumpliendo con las reglas de la corte ideadas para la más justa, clara, rápida y fácil resolución de los asuntos."

Si bien la Ley de la Judicatura de 2003 tuvo como uno de sus propósitos hacer más accesible la justicia apelativa a la ciudadanía, flexibilizando los procesos apelativos, ello no supuso dar al traste con los requisitos mínimos exigidos para atender ordenadamente los recursos que se presentan ante el foro apelativo intermedio. Mucho menos pretendió eliminar los términos jurisdiccionales, permitiendo que se pudiera solicitar prórroga para presentar un recurso de apelación cuyo término para acudir en alzada sabemos es de naturaleza jurisdiccional. Actuar en contravención de ello, es no apurar adecuadamente cuál fue el verdadero alcance de la Ley de la Judicatura de 2003.

Este caso no trata, como parece concluir el foro apelativo intermedio, de una apelación deficiente en su redacción y discusión de las controversias planteadas; o, donde los planteamientos esgrimidos para revocar al foro primario no se analizan con la rigurosidad debida. Todo lo contrario, en este caso no hubo el más mínimo esfuerzo de discutir el error señalado. **Se trata entonces de un recurso que meramente anuncia una intención de apelar. Es por eso entonces que se solicitó la prórroga, la cual se**

**basa, sorprendentemente, en que el abogado va a tomar sus vacaciones navideñas y no tiene tiempo para dedicárselo al escrito. Eso no es otra cosa que no tener tiempo para dedicárselo a los asuntos de su cliente. Tal postura es insostenible.** Un tribunal no puede con sus acciones, validar tal pretención. Al atender el recurso presentado, así como posteriormente el "alegato suplementario" y resolver el caso en los méritos revocando al foro primario, el foro apelativo *de facto* prorrogó el término jurisdiccional para apelar una decisión del Tribunal de Primera Instancia al Tribunal de Apelaciones.

La exigencia de que el escrito de apelación contenga un señalamiento de error y una discusión del mismo no es un mero preciosismo inconsecuente. Es en la discusión del error donde se enmarca la actuación alegadamente errónea del foro primario cuya revocación se ha solicitado, a la luz de los hechos y del derecho aplicable. Es lo que se ha denominado "el corazón" de la apelación o "la artillería pesada." F. Coffin, *On Appeal, Courts, Lawyering, and Judging*, W.W. Norton & Company, New York, 1994, capt. 6. No podemos olvidar que el derecho, particularmente el derecho o práctica apelativa, es rogado. *Pueblo v. Prieto Maysonet*, *ante*, pág. 107.

Resolvemos por lo tanto que el Tribunal de Apelaciones carecía de jurisdicción para atender en la apelación presentada por los demandantes en este caso. Su actuación en contrario fue claramente errónea.

No podemos concluir sin expresarnos sobre la conducta del Lcdo. Roberto Vélez Báez durante el trámite apelativo en este caso. Invariablemente hemos exigido "celo, cuidado y diligencia" en la tramitación de asuntos judiciales. *In re: Rodríguez Torres*, 104 D.P.R. 758 (1976); *Acevedo* v. *Cía. Telefónica de P.R.*, 102 D.P.R. 787, 791 (1974). A la luz de nuestros pronunciamientos anteriores respecto la obligación de todo abogado, bajo los Cánones 18 y 19 de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 18, 19, de salvaguardar el derecho de un cliente de apelar un fallo adverso, referimos la conducta del Lcdo. Vélez Báez a la Oficina del Procurador General para investigación e informe. Véase, *In re: Santiago Torres*, 144 D.P.R. 496 (1997); *In re: Acosta Grubb,* 119 D.P.R. 595 (1987)*; In re: Rosario,* 116 D.P.R. 462 (1985); *Colón Prieto* v. *Géigel*, 115 D.P.R. 232 (1984).

Por los fundamentos que anteceden se revoca la sentencia dictada por el Tribunal de Apelaciones y se ordena la desestimación de la demanda instada en este caso, tal y como lo había dispuesto el Tribunal de Primera Instancia. Se refiere la conducta del Lcdo. Roberto Vélez Báez a la Oficina del Procurador General para la investigación e informe correspondiente.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Miguel Morán Rios, et al

    Demandantes-Recurridos

        v.                           CC-2004-780

Oscar Marti Bardisona, et al

    Demandados-Peticionarios

SENTENCIA

San Juan, Puerto Rico, a 5 de agosto de 2005.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, los cuales se incorporan íntegramente a la presente, se revoca la Sentencia dictada por el Tribunal de Apelaciones y se ordena la desestimación de la demanda instada en este caso, tal y como lo había dispuesto el Tribunal de Primera Instancia. Se refiere la conducta del Lcdo. Roberto Vélez Báez a la Oficina del Procurador General para la investigación e Informe correspondiente.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López concurre con el resultado sin opinión escrita.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo