Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| LESLIE FLORES RODRÍGUEZ<br><br>Recurrida<br><br>v.<br><br>REGENA ROBINSON<br><br>Peticionaria | TA2026CE00451 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2025CV03404<br><br>Sobre: Cobro de Dinero y Desahucio Sumario |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 14 de abril de 2026.

Vale recordar que la jurisdicción es "el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias". *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020) (citando a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019)). En función de ello, los tribunales deben constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374 (2020) (citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007)). Como consecuencia, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso. *Cancel Rivera v. González Ruiz*, 200 DPR 319 (2018). Una sentencia dictada sin jurisdicción es nula en derecho y se considera inexistente. *Shell v.*

*Srio. Hacienda*, 187 DPR 109 (2012). Ante dicho escenario, la Regla 83 del *Reglamento del Tribunal de Apelaciones* contempla la desestimación o denegación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. Véase Regla 83(B) y (C) del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

Por otro lado, el *Reglamento del Tribunal de Apelaciones* requiere que el cuerpo de un recurso de *certiorari* incluya, en lo pertinente a nuestra presente decisión: (1) las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal de Apelaciones; (2) un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia; y (3) una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable. Regla 34 del Tribunal de Apelaciones, *supra*. A la vez, el peticionario deberá incluir un Apéndice en la presentación de su recurso, tal como la decisión del Tribunal de Primera Instancia cuya revisión se solicita y toda resolución, orden o moción que forme parte del expediente del foro primario y en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de *certiorari*, o que sean relevantes a ésta. Íd.

Dicho esto, nuestro ordenamiento requiere que se cumplan con los requisitos procesales que establecen el Reglamento del Tribunal de Apelaciones, sin cuyo cumplimiento conllevaría la presentación de un recurso no perfeccionado y, por efecto, una falta de jurisdicción para atender la controversia. Véase *Morán v. Martí*, 165 DPR 356 (2005) (*Per Curiam*). El que la parte comparezca por derecho propio no será justificación para que se incumplan con las reglas procesales. *Febles v. Romar*, 159 DPR 714 (2003) (*Per Curiam*).

En el presente caso, la peticionaria incumplió con los requisitos de perfeccionamiento de un recurso de *certiorari*. Esto es, ya que la peticionaria omitió presentar un Apéndice con toda la documentación necesaria para la resolución de la controversia. Asimismo, el escrito no incluyó algún fundamento de derecho para argumentar su posición. Ante un recurso que no ha sido perfeccionado al amparo del *Reglamento del Tribunal de Apelaciones*, carecemos de la jurisdicción para atenderlo.

Por los fundamentos expresados, denegamos expedir el auto de *certiorari*. Por efecto, resolvemos sin lugar la petición de auxilio de jurisdicción de la parte peticionaria.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Adames Soto concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones