ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| ANTONIO PÉREZ ROSELLÓ,<br><br>Recurrente,<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA,<br><br>Recurrida. | KLRA202500217 | REVISIÓN procedente de la Junta de Libertad bajo Palabra.<br><br>Caso núm.: 147724.<br>Confinado núm.: 1-49863.<br><br>Sobre: denegatoria de libertad bajo palabra. |
|---|---|---|

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 25 de junio de 2025.

El señor Antonio Pérez Roselló (señor Pérez) instó este recurso el 14 de abril de 2025. En él, impugna la *Resolución* emitida por la Junta de Libertad bajo Palabra[1] (JLBP) el 31 de enero de 2025, notificada el 12 de febrero de 2025. Mediante el referido dictamen, la JLBP determinó que el señor Pérez no cualificaba para beneficiarse del privilegio de libertad bajo palabra. Lo anterior, debido a que la residencia propuesta se encuentra a menos de 30 millas de distancia, en vehículo, de la residencia de una parte perjudicada en el caso criminal; ello, de conformidad a lo dispuesto en el Art. X, sección 10.1 del *Reglamento de la Junta de Libertad bajo Palabra*, Reglamento Núm. 9603-2024 del 25 de septiembre de 2024.

Por los fundamentos que exponemos a continuación, **confirmamos** la *Resolución* recurrida.

---

[1] La Ley Núm. 118 de 22 julio de 1974, según enmendada, 4 LPRA sec. 1501-1516, creó la JLBP como una agencia cuasi judicial del Estado Libre Asociado de Puerto Rico, con el poder de administrar, investigar y otorgar un sistema de libertad condicional como medio de rehabilitación al confinado para que, al cumplir con los requisitos establecidos, pueda ser considerado para el disfrute del privilegio de libertad bajo palabra en la libre comunidad. 4 LPRA sec. 1503.

Número identificador

SEN2025 _____

I

El señor Pérez cumple una sentencia de 570 años por asesinato en primer grado, tentativa de asesinato, robo y conspiración, según tipificados en el derogado Código Penal de 1974, e infracción a los Artículos 6, 8 y 10 de la Ley de Armas de 1951. Conforme surge de su expediente, cumpliría con la totalidad de su sentencia el 12 de abril de 2519.

En esta ocasión, el plan de salida del señor Pérez fue objeto de evaluación por parte de la JLBP durante el mes de noviembre de 2024. Con relación a ello, el 31 de enero de 2025, la JLBP emitió una resolución[2] y formuló las siguientes determinaciones de hecho:

El peticionario se encuentra clasificado en custodia mínima desde el 8 de febrero de 2008.

Al momento de la evaluación del expediente, surge que el peticionario no cuenta con casos ante los tribunales, denuncias o querellas institucionales pendientes.

El 12 de agosto de 2003, le fue realizada la muestra de ADN, conforme establece la Ley Núm. 175 de 24 de julio de 1998, según enmendada, conocida como la *Ley del Banco de Datos de ADN de Puerto Rico.*

El 29 de marzo de 2023, el peticionario fue evaluado por Salud Correccional donde determinaron que no requería los servicios de salud mental ni tampoco tratamiento contra la adicción.

El peticionario se encuentra realizando labores en el área de facilidades de la institución correccional donde se encuentra cumpliendo sentencia. Cuenta con evaluaciones excelentes.

El 28 de octubre de 1997 y 22 de febrero de 2017, completó el Programa de Tratamiento Psico-Educativo *Aprendiendo a vivir sin violencia* ofrecido por la Sección de Programa de Evaluación y Asesoramiento de (SPEA), el cual es necesario debido a la naturaleza de los delitos por los cuales cumple el peticionario.

El peticionario fue reevaluado psicológicamente por el SPEA el 20 y 21 de julio de 2023, y cuenta con el *Informe de evaluación psicológic[a]*.

Según solicitado por la Junta mediante la *Resolución sobre no concesión del privilegio de libertad bajo palabra- volver a considerar* emitida el 2 de febrero de 2024, el peticionario recibió intervención psicológica, de parte del personal correspondiente de Salud Correccional dirigida a reforzar destrezas de introspección, solución de problemas, prevención de conflictos y control de impulsos el 19 de agosto de 2024. En dicha evaluación se indica que el peticionario no

---

[2] *Véase*, apéndice del recurso, a las págs. 24-27.

presenta signos o síntomas que requieran la continuidad de los servicios de salud mental.

**La parte peticionaria propuso residir con su compadre, Adalberto Mendoza Vallejo, en la Urb. El Monte, Calle Maravilla #3220 en Ponce, Puerto Rico. Del informe de corroboración realizado el 11 de octubre de 2024 por el Programa de Comunidad de Ponce del DCR se desprende que el peticionario es aceptado en el referido hogar. No obstante, luego de la correspondiente corroboración, y posterior evaluación, <u>se determina que no es viable debido a su proximidad con el hogar de la parte perjudicada del caso</u>.**

El peticionario presentó como oferta de empleo laborar como "handyman" en el Laboratorio "Southern Pathology Service" ubicado en el Barrio Sabanetas, Calle A #1234 en Ponce, Puerto Rico. De la corroboración realizada se desprende que el propietario Adalberto Mendoza Vallejo, está en la disposición de emplear al peticionario una vez esté en la libre comunidad.

De igual forma, propuso como candidato para fungir como amigo consejero a Adalberto Mendoza Vallejo. Este fue debidamente corroborado por el Programa de Comunidad de Ponce del DCR. Sin embargo, se determina que el referido candidato no es viable, puesto que no puede ser la misma persona que le ofrece vivienda y/o empleo al peticionario. Ahora bien, al peticionario no se le es requerido contar con un candidato para fungir como amigo consejero, dado que es mayor de (60) años.

**Para efectos de un análisis de la totalidad del expediente, se tomaron en cuenta las opiniones de las diferentes partes perjudicadas**[3].

(Énfasis y subrayado nuestros).

Inconforme con la referida determinación, el 4 de marzo de 2025, el señor Perez presentó una moción de reconsideración[4]. En síntesis, impugnó la aplicación del Art. X, Sección 10.1, inciso 8 (e)(v)(d) del Reglamento Núm. 9063-2024[5], en el cual se exige a la persona que solicita libertad bajo palabra que proponga una vivienda a más de 30 millas de distancia, en vehículo, de la parte perjudicada.

El 14 de marzo de 2025, la JLBP declaró sin lugar la moción de reconsideración presentada por el señor Pérez.

---

[3] *Véase*, apéndice del recurso a las págs. 24-25.

[4] *Íd.*, a las págs. 5-23.

[5] El reglamento de la Junta de Libertad bajo Palabra, Reglamento Numero 9603-2024, fue aprobado el 25 de septiembre de 2024.

Aún inconforme, el 14 de abril de 2025, el señor Perez presentó este recurso de revisión judicial y formuló el siguiente señalamiento de error:

Erró la Junta de Libertad bajo Palabra al denegar la solicitud de libertad bajo palabra al recurrente, al aplicar un reglamento arbitrario y desproporcionado que, en la práctica, hace casi imposible que un confinado se beneficie del privilegio de libertad bajo palabra, sin considerar adecuadamente el resto del expediente y los méritos individuales del solicitante.

(Énfasis omitido).

Por su parte, el 12 de junio de 2025, tras la solicitud de una prórroga la cual concedimos mediante resolución, la Junta, representada por la Oficina del Procurador General de Puerto Rico, presentó su oposición al recurso[6].

Con el beneficio de la comparecencia de las partes, resolvemos.

II

A

La norma reiterada es a los efectos de que las decisiones de los organismos administrativos merecen la mayor deferencia judicial, pues son estos los que cuentan con el conocimiento experto de los asuntos que les son encomendados. *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021). Además, al momento de revisar una decisión administrativa, el criterio rector para los tribunales será la razonabilidad de la actuación de la agencia. *González Segarra et al. v. CFSE*, 188 DPR 252, 276 (2013). Debido a que toda sentencia o determinación administrativa está protegida por una presunción de corrección y validez, la parte que acude a este Tribunal de Apelaciones tiene el deber de colocar a este foro en posición de conceder el remedio solicitado. *Morán v. Martí,* 165 DPR 356, 366 (2005).

A su vez, el estándar de revisión judicial en materia de decisiones administrativas se circunscribe a determinar: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hechos de la

---

[6] A su recurso, adjuntó el Informe sobre Libertad bajo Palabra del 13 de julio 2023, y un anejo confidencial el cual incluye la dirección de la parte perjudicada y otros documentos que fueron considerados por la Junta previo a denegar la solicitud del señor Pérez. *Véase*, págs. 1-62 del apéndice de la parte recurrida.

agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo; y, (3) si las conclusiones de derecho fueron correctas. *Asoc. Fcias. v. Caribe Specialty et al. II*, 179 DPR 923, 940 (2010).

Así pues, como norma general, las determinaciones de hechos de organismos y agencias "tienen a su favor una presunción de regularidad y corrección que debe ser respetada mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas". *Vélez v. A.R.Pe.*, 167 DPR 684, 693 (2006). Por ello, la revisión judicial ha de limitarse a determinar si la agencia actuó de manera arbitraria, ilegal, irrazonable, o fuera del marco de los poderes que se le delegaron. *Torres v. Junta Ingenieros*, 161 DPR 696, 708 (2004).

De otra parte, las conclusiones de derecho de las agencias administrativas serán revisables en toda su extensión. *Rolando Vázquez, y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales, y otro*, opinión de 21 de mayo de 2025, 2025 TSPR 56, 215 DPR ____; a la pág. 28; *Asoc. Fcias. v. Caribe Specialty et al. II*, 179 DPR, a la pág. 941. Sin embargo, esto no significa que los tribunales podemos descartar libremente las conclusiones e interpretaciones de la agencia. *Otero v. Toyota*, 163 DPR 716, 729 (2005).

En fin, como ha consignado el Tribunal Supremo de Puerto Rico, la deferencia concedida a las agencias administrativas únicamente cederá cuando: (1) la determinación administrativa no esté basada en evidencia sustancial; (2) el organismo administrativo haya errado en la aplicación o interpretación de las leyes o los reglamentos que se le ha encomendado administrar; (3) cuando el organismo administrativo actúe arbitraria, irrazonable o ilegalmente, al realizar determinaciones carentes de una base racional; o, (4) cuando la actuación administrativa lesione derechos constitucionales fundamentales. *Super Asphalt v. AFI y otro*, 206 DPR, a la pág. 819, que cita a *Torres Rivera v. Policía de PR*, 196 DPR 606, 628

(2016); *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712, 744-745 (2012).

B

La ley orgánica de la Junta de Libertad bajo Palabra (JLBP), Ley Núm. 118 de 22 de julio de 1974, según enmendada, 4 LPRA sec. 1501-1516, confiere a la JLBP la autoridad para decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico, dentro de las limitaciones que el propio estatuto establece.

Asimismo, mediante el referido estatuto se concede a una persona privada de la libertad por una convicción el beneficio de cumplir con la última parte de su sentencia fuera de la institución penal, sujeto a que demuestre buena conducta y cumpla con ciertas condiciones. *Véase*, Art. 3 de la Ley Núm. 118-1974, 4 LPRA sec. 1503. Por tanto, faculta a la JLBP a, en cualquier caso, "imponer las condiciones que creyere aconsejables y fijar condiciones que podrán ser alteradas de tiempo en tiempo, según cada caso lo amerite". *Íd.* Este beneficio busca principalmente ayudar a los confinados a reintegrarse positivamente a la sociedad, sin tener que estar encarcelados la totalidad del término de su sentencia. *Maldonado Elías v. González Rivera,* 118 DPR 260, 275 (1987).

En lo que compete al caso, la JLBP tiene, por virtud del Art. 3(d) del referido estatuto, la facultad para conceder la libertad bajo palabra a una persona recluida en una institución penal en Puerto Rico tras tomar en consideración los siguientes criterios:

> (1) La naturaleza y circunstancias del delito o delitos por los cuales cumple sentencia.
>
> (2) Las veces que el confinado haya sido convicto y sentenciado.
>
> (3) Una relación de la liquidación de la sentencia o sentencias que cumple el confinado.
>
> (4) La totalidad del expediente penal, social, y los informes médicos e informes por cualquier profesional de la salud mental, sobre el confinado.
>
> (5) El de ajuste institucional y del social y psicológico del confinado, preparado por la Administración de Corrección y

el médico y psiquiátrico preparado por Salud Correccional del Departamento de Salud.

(6) La edad del confinado.

(7) El o los tratamientos para condiciones de salud que reciba el confinado.

**(8) La opinión de la víctima.**

(9) Planes de estudios, adiestramiento vocacional o estudio y trabajo del confinado.

**(10) Lugar en el que piensa residir el confinado y la actitud de dicha comunidad, de serle concedida la libertad bajo palabra.**

(11) Cualquier otra consideración meritoria que la Junta haya dispuesto mediante reglamento. La Junta tendrá la discreción para considerar los mencionados criterios según estime conveniente y emitirá resolución escrita con determinaciones de hechos y conclusiones de derecho.

4 LPRA sec. 1503d. (Énfasis nuestro).

En cuanto a la opinión de la víctima, el reglamento de la JLBP, Reglamento Núm. 9603-2024, aprobado el 25 de septiembre de 2024, dispone en su Artículo X, Sección 10.1 (B)(6)(a) que, si bien la opinión de la víctima constituye un factor a ser considerado por la JLBP, la determinación sobre el grado de rehabilitación de un peticionario y si está capacitado para continuar cumpliendo su sentencia en la libre comunidad es prerrogativa de la JLBP.

De otra parte, en cuanto a la residencia, la Sección 10.1 (B)(8)(e)(v)(d) del Reglamento Núm. 9063-2024 dispone que, para determinar si la vivienda propuesta es viable, la JLBP considerará, entre otros factores, **si la residencia propuesta está a 30 millas de distancia en vehículo de la residencia de la parte perjudicada.**

El Tribunal Supremo de Puerto Rico ha expresado que los beneficios de sentencia suspendida o libertad bajo palabra **no son un derecho que pueda reclamarse, sino un privilegio legislativo cuya concesión y administración se confía al Tribunal o a la Junta de Libertad bajo Palabra, respectivamente**. *Pueblo v. Negrón Caldero*, 157 DPR 413, 420 (2002).

### III

En este recurso, nos corresponde resolver si procede confirmar una denegatoria de la JLBP a conceder el privilegio de libertad bajo palabra al señor Pérez porque la residencia que propuso se encuentra a menos de treinta (30) millas en vehículo del hogar de una de las víctimas del delito por el que fue convicto.

El señor Perez arguye que la JLBP no consideró la totalidad del expediente, y determinó, incorrectamente, que la residencia propuesta no era viable. Lo anterior, al actuar conforme un reglamento al que le atribuyó funciones en exceso de la ley aplicable. A su vez, plantea que cumple con todos los requisitos reglamentarios para recibir el privilegio de libertad bajo palabra.

Por su parte, en su oposición, la JLBP resalta que los planteamientos plasmados por el señor Pérez se reducen a argumentaciones estereotipadas de derecho constitucional. Añade que, en la medida en que el señor Pérez no presentó estadísticas, estudios, informes u otro tipo de evidencia acreditativa de los presuntos efectos discriminatorios a consecuencia del requisito de 30 millas, sus argumentos respecto a la violación de derechos constitucionales no pueden prevalecer. Afirma que el criterio de la distancia no genera clasificaciones que deban ser analizadas al palio de la cuestión constitucional.

Finalmente, señala que, contrario a lo esbozado por el recurrente, el criterio de distancia no fue el único utilizado por la Junta para denegarle el privilegio de libertad bajo palabra.

Como discutimos, las determinaciones de hechos de los organismos administrativos tienen a su favor una presunción de regularidad y corrección que debe ser respetada mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas.

Ahora bien, tras el análisis cuidadoso del expediente del caso, con su anejo confidencial adjunto, el derecho aplicable y las posturas de las partes, resolvemos que la JLBP no cometió el error señalado y determinó

correctamente no conceder el privilegio de libertad bajo palabra al señor Pérez. La JLBP, dentro de su discreción, consideró, no solo el criterio relacionado a la distancia de la residencia, sino que tomó en cuenta las opiniones de las partes afectadas, el historial de salud mental e instrucción del señor Pérez y, en virtud de la información provista, determinó que no correspondía conceder el privilegio según solicitado. Además, resaltamos que, revisados lo anejos confidenciales presentados, **surge que la distancia entre la residencia propuesta por el señor Perez y la parte perjudicada es menor de 10 millas**.

Reiteramos que los beneficios de libertad bajo palabra no son un derecho que pueda reclamarse, sino un privilegio legislativo cuya concesión y administración se otorga a la Junta de Libertad bajo Palabra y a los tribunales, respectivamente. Finalmente, nada en el expediente nos persuade a intervenir con el ejercicio de la discreción de la JLBP. En su determinación, la JLBP no abusó de la discreción que le fue conferida por la Ley Núm. 118-1974, 4 LPRA sec. 1501-1516, ni por el Reglamento Núm. 9603-2024. Tampoco adolece de arbitrariedad o errores en su conclusión de derecho.

IV

Por los fundamentos expresados, confirmamos la *Resolución* recurrida.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones