```
ESTADO LIBRE ASOCIADO DE PUERTO RICO
         TRIBUNAL DE APELACIONES
                PANEL III
```

| | | |
|---|---|---|
| LOIDA CRUZ CUEVAS<br><br>Peticionaria<br><br><br>V.<br><br><br>DAVY ALINDATO<br>ANA I. PÉREZ<br><br>Recurridos | KLCE202500229 | *CERTIORARI*<br>procedente del<br>Tribunal de<br>Primera Instancia,<br>Sala Municipal de<br>Dorado<br>_____<br>Caso Núm.:<br>BYL2842025-8114<br>_____<br>SOBRE:<br><br>ESTADO PROVISIONAL<br>DE DERECHO |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

Salgado Schwarz, Carlos G., Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 21 de marzo de 2025

Comparece Loida Cruz Cuevas ("Sra. Cruz" o "Peticionaria") mediante recurso de *certiorari* y solicita que se le otorguen los beneficios de la *Ley Especial de Procesos Administrativos Expeditos para Personas de la Tercera Edad*[1] y que se dejen sin efecto los cargos por acecho según la *Orden de Protección al amparo de la Ley Contra el Acecho en Puerto Rico* emitida el 7 de febrero de 2025 por el Tribunal de Primera Instancia, Sala Municipal de Dorado ("foro de instancia" o "foro recurrido").

Por los fundamentos que exponemos a continuación, se **desestima** el recurso por falta de jurisdicción.

-I-

El 9 de enero de 2025 los Recurridos presentaron una *Querella al amparo de la Ley Núm. 140 – Ley sobre*

_____
[1] Ley Núm. 147 de 27 de septiembre de 2019

Número Identificador

RES2025_____

*Controversias y Estados Provisionales de Derecho* contra la Sra. Cruz. Mediante dicha Querella solicitaron que se celebrara una vista por alegar estar sufriendo perturbaciones que afectan la convivencia y el orden social.[2] Así las cosas, el 7 de febrero de 2025 el foro de instancia celebró la vista y emitió una *Orden de Protección*[3] a favor de los Recurridos. A tenor con dicha orden, ese mismo día, el foro recurrido emitió una *Resolución*[4] decretando el Estado Provisional de Derecho que regirá entre las partes hasta el 7 de febrero de 2027.

Inconforme con la determinación, el 7 de marzo de 2025, la Sra. Cruz acudió ante esta Curia mediante recurso de *certiorari* y solicitó que se le otorguen los beneficios de la *Ley Especial de Procesos Administrativos Expeditos para Personas de la Tercera Edad* y se dejen sin efecto los cargos por acecho.

-II-

**A. Certiorari**

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[5] Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.[6] Esta discreción se define como "*el poder para decidir en una u otra forma, esto es, para*

---

[2] Véase Apéndice del recurso de *certiorari*.
[3] *Íd.*
[4] *Íd.*
[5] *800 Ponce de León Corp. v. American International Insurance Company of Puerto Rico,* 2020 TSPR 104, 205 DPR 163 (2020), *IG Builders et. al. v. BBVAPR*, 185 DPR 307, 337-338 (2012).
[6] *Negrón v. Secretario de Justicia,* 154 DPR 79, 91 (2001).

*escoger entre uno o varios cursos de acción*".[7] Asimismo, la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa.[8] Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta.[9] Esto, por razón de que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría un abuso de discreción.

### B. Jurisdicción

Es norma reiterada en nuestro ordenamiento jurídico procesal que los "*tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen.*"[10] La jurisdicción es el poder o autoridad de los tribunales para considerar y decidir casos y controversias.[11] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a desestimar el recurso -toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho- pues la ausencia de jurisdicción es insubsanable.[12]

Ahora bien, al presentar un recurso de *certiorari*, la parte debe cumplir con una serie de requisitos contenidos en la Regla 34 del Reglamento del Tribunal de Apelaciones. En lo pertinente a la controversia ante nos, la Regla dispone que el escrito contendrá un Índice, citas legales de las disposiciones que establecen la

---

[7] *García v. Padró*, 165 DPR 324, 334 (2005).
[8] *Id.,* a las págs. 334-335.
[9] *Id.,* a la pág. 335.
[10] *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007); *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012).
[11] *Allied Mgmt. Grp.,* Inc. v. Oriental Bank, 204 DPR 374, 385 (2020); *Solá Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).
[12] *Shell* v. *Srio. Hacienda*, 187 DPR 109, 123 (2012).

jurisdicción y competencia del Tribunal, un señalamiento de los errores que, a juicio de la parte, cometió el foro recurrido y una discusión de dichos errores, incluyendo las disposiciones de ley y la jurisprudencia aplicable.

El Tribunal Supremo ha enfatizado la necesidad de cumplir con las Reglas aplicables del Reglamento del Tribunal de Apelaciones para presentar los recursos, a fin de que estos puedan ser examinados por este Tribunal. Por lo tanto, el cumplir con estos requisitos coloca a este foro en posición de poder examinar y evaluar los méritos del mismo.[13]

En fin, el Tribunal Supremo ha resuelto que la persona que presenta un recurso ante la consideración del Tribunal de Apelaciones tiene "*la obligación de perfeccionar su recurso según lo exige la ley y el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia.*"[14]

Por otro lado, la Regla 83 del Reglamento del Tribunal de Apelaciones señala las instancias en las que el Tribunal puede desestimar o denegar un auto discrecional. En parte pertinente, la Regla dispone lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> **(1) que el Tribunal de Apelaciones carece de jurisdicción.**
>
> (2) que el recurso fue presentado fuera del término de cumplimiento estricto

---

[13] *Morán v. Martí*, 165 DPR 356, 367 (2005).
[14] *Íd.*

dispuesto por ley sin que exista justa causa para ello;

(3) que no se ha presentado o proseguido con diligencia o de buena fe;

(4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;

(5) que el recurso se ha convertido en académico.

**(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente.[15]**

-III-

Un examen del recurso presentado revela que la Peticionaria incumplió con los requisitos enumerados en la Regla 34 del Reglamento del Tribunal de Apelaciones.

Primeramente, el recurso no incluye un Índice con las autoridades citadas ni contiene las disposiciones legales que establecen la jurisdicción y competencia de este Tribunal. Además, tampoco hay un señalamiento breve y conciso de los errores que, a juicio de la Peticionaria, cometió el foro recurrido.

Cuando una parte acude ante este Tribunal, aun cuando lo haga por derecho propio, tiene la obligación de perfeccionar su recurso según lo exige la reglamentación aplicable para así poder colocar al foro apelativo en posición de revisar al foro de instancia. Las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente.

---

[15] 4 LPRA Ap. XXII-B, R. 83 (B)(1), (C). *Énfasis suplido.*

Por lo tanto, en la medida en que la Peticionaria no cumplió con los requisitos de forma que exige nuestro Reglamento, se desestima el recurso por falta de jurisdicción al amparo de la Regla 83(c) del Reglamento del Tribunal de Apelaciones.

-IV-

Por los fundamentos antes esbozados, se **desestima** el recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*