<table>
<tr><td colspan="3" style="text-align:center">ESTADO LIBRE ASOCIADO DE PUERTO RICO<br>TRIBUNAL DE APELACIONES<br>PANEL X</td></tr>
<tr>
<td><strong>RICOH PUERTO RICO, INC.</strong>,<br><br>Recurrente,<br><br>v.<br><br>JUNTA REVISORA DE SUBASTAS DE LA ADMINISTRACIÓN DE SERVICIOS GENERALES; JUNTA DE SUBASTAS y la ADMINISTRACIÓN DE SERVICIOS GENERALES,<br><br>Recurrida.</td>
<td>KLRA202500275</td>
<td>REVISIÓN procedente de la Administración de Servicios Generales, Junta Revisora de Subastas.<br><br>Caso núm.: JR-25-107.<br><br>Sobre: revisión judicial de adjudicación enmendada de RFP 24J-01599 de la Administración de Servicios Generales.</td>
</tr>
<tr>
<td>RICOH PUERTO RICO, INC.,<br><br>Recurrida,<br><br>v.<br><br>JUNTA REVISORA DE SUBASTAS DE LA ADMINISTRACIÓN DE SERVICIOS GENERALES; JUNTA DE SUBASTAS y la ADMINISTRACIÓN DE SERVICIOS GENERALES; <strong>XEROX CORPORATION</strong>,<br><br>Recurrente.</td>
<td>KLRA202500281</td>
<td>REVISIÓN procedente de la Administración de Servicios Generales, Junta Revisora de Subastas.<br><br>Solicitud de propuesta núm.: RFP24J-01599.<br><br>Sobre: servicios digitalización e indexación para la Administración de Desarrollo Social Económico de la Familia.</td>
</tr>
</table>

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 27 de junio de 2025.

En los casos consolidados del título comparecen Ricoh Puerto Rico Inc. (Ricoh), y Xerox Corporation (Xerox), respectivamente, para que revisemos la *Resolución* emitida y notificada por la Junta Revisora de Subastas (Junta Revisora) de la Administración de Servicios Generales (ASG) el 21 de abril de 2025. Mediante el referido dictamen, la Junta

Revisora se declaró sin jurisdicción para atender la solicitud de revisión administrativa presentada por Ricoh y ordenó que se devolviera el caso a la ASG para procedimientos ulteriores.

Por los fundamentos expuestos a continuación, **revocamos** la *Resolución* recurrida.

I

El 25 de agosto de 2023, la ASG emitió una invitación para participar de la Solicitud de Propuestas Selladas Núm. 24J-01599 (RFP, por sus siglas en inglés), para establecer un contrato de selección múltiple para la digitalización e indexación de documentos de los expedientes de participantes y comerciantes de los programas que maneja la Administración de Desarrollo Socioeconómico de la Familia (ADSEF)[1].

La ASG recibió propuestas de las siguientes licitadoras: **Ricoh Puerto Rico, Inc., Xerox Corporation e Innovative Consultants Associates, Inc**[2].

El 11 de enero de 2024, la Junta de Subastas de la ASG solicitó a los proponentes una *Oferta Mejor y Final* (BAFO, por sus siglas en inglés), según lo establece la Sección 7.4.16, y el inciso 2 de la Sección 7.4.18 del Art. 7.4 del Reglamento Núm. 9230 del 18 de noviembre de 2020, según enmendado, conocido como *Reglamento Uniforme de Compras y Subastas de Bienes, Obras y Servicios No Profesionales de la Administración de Servicios Generales* (Reglamento 9230-2020), y la Sección 4.1.6 del RFP Núm. 24J-O 1599.

Luego de analizar las propuestas, la Junta de Subastas de la ASG notificó que, tras la evaluación inicial de todas las propuestas, Ricoh y Xerox estaban calificadas por haber aprobado las dos (2) primeras fases.

---

[1] Las recurrentes anejaron a sus recursos sendos apéndices. No obstante, con el fin de evitar confusión, en adelante, haremos referencia exclusivamente al apéndice presentado por Ricoh. *Véase*, apéndice del recurso, a la págs. 0619-0627.

[2] *Íd.*, a las págs. 0146-0618.

Culminada la evaluación de las propuestas de las aludidas licitadoras, el 17 de junio de 2024, la Junta de Subastas emitió una *Resolución de Adjudicación*, mediante la cual otorgó la buena pro a Xerox[3].

Inconforme, el 2 de julio de 2024, Ricoh presentó un recurso de revisión administrativa ante la Junta Revisora de Subastas de la ASG. No obstante, dicho recurso fue rechazado de plano[4].

El 7 de agosto de 2024, Ricoh presentó un recurso de revisión judicial ante este Tribunal de Apelaciones (KLRA202400433). En cuanto al referido recurso, el 23 de agosto de 2024, emitimos una *Sentencia* y nos declaramos sin jurisdicción para atender el recurso de Ricoh al concluir que la notificación de la Resolución o Aviso de Adjudicación emitida por la Junta de Subastas de la ASG el 17 de junio de 2024, era defectuosa[5]. Lo anterior, debido a que "la Junta de Subastas no incluyó ni discutió la totalidad de los criterios que utilizó para adjudicar la subasta, lo que hace de la notificación una defectuosa"[6]. Asimismo, advertimos que, hasta tanto la adjudicación de la subasta no fuera debidamente notificada, no surtiría efecto jurídico alguno[7].

El **18 de octubre de 2024**, este Tribunal de Apelaciones notificó el correspondiente mandato a las partes pertinentes[8].

No obstante, el **31 de octubre de 2024**, **el Departamento de la Familia, ADSEF y Xerox suscribieron un contrato para el otorgamiento de los servicios objeto del RFP** intitulado *Contrato de Servicios de Digitalización e Indexación de Documentos*[9].

---

[3] *Véase*, apéndice del recurso, a las págs. 0619-0627.

[4] La Junta Revisora de la ASG no acogió la solicitud de revisión dentro del término establecido para ello en el Art. 66 de la Ley Núm. 73-2019, 3 LPRA sec. 9838c.

[5] *Véase*, apéndice del recurso a las págs. 0850-0864.

[6] *Íd.*, a la pág. 0863.

[7] *Íd.*

[8] *Íd.*, a las págs. 0865-0866.

[9] *Íd.*, a las págs. 0866.A-0866.W.

En reacción al mandato de este Tribunal de Apelaciones, el **7 de febrero de 2025**, la Junta de Subastas de la ASG emitió una *Resolución* de *Adjudicación Enmendada* mediante la cual corrigió los defectos de su resolución[10]. En esta ocasión, la Junta reafirmó que el proponente que mejor cumplía con todo lo requerido era Xerox y que, a su entender, el referido licitador representaba el mejor valor para el Gobierno de Puerto Rico.

Inconforme, el 18 de febrero de 2025, Ricoh presentó una *Solicitud de Revisión* de la Solicitud de Propuesta Núm. RFP- 24J-01599 ante la Junta Revisora de Subastas[11].

Por su parte, el 21 de abril de 2025, Xerox presentó una moción de desestimación de la solicitud de revisión ante la Junta Revisora[12]. En síntesis, arguyó que la notificación de la resolución emitida por la ASG el 17 de junio de 2024, había advenido final y firme. Señaló que, en virtud de ello, todo procedimiento instado luego de la firma del contrato tornó académicos los procedimientos administrativos posteriores. Sostuvo que, conforme su argumento, la Junta de Subastas carecía de jurisdicción para emitir la *Resolución de Adjudicación Enmendada*.

En esa misma fecha, la Junta Revisora emitió y notificó una resolución en la cual declaró sin lugar la solicitud de revisión presentada por Ricoh. En su dictamen, estableció que carecía de jurisdicción para atender la solicitud presentada. Empero, fundamentó su determinación en que el contrato suscrito entre el Departamento de la Familia, ADSEF y Xerox era uno por servicios profesionales. Resaltó que el referido acuerdo

---

[10] Es meritorio señalar que, según surge de la *Resolución de Adjudicación Enmendada* emitida por la Junta de Subastas el 7 de febrero de 2025, el recurso de revisión judicial instado por Ricoh nunca se notificó a la Junta de Subastas, como tampoco la sentencia que emitió este Tribunal de Apelaciones el 23 de agosto de 2024. En su resolución, la Junta de Subastas expresó que no fue hasta que este Tribunal de Apelaciones notificó el mandato que advino en conocimiento del trámite relacionado al KLRA202400433. *Véase*, apéndice del recurso, a la pág. 0872.D. Corroboramos que, tanto la sentencia como las resoluciones emitidas por este foro con relación al KLRA202400433 se remitieron por correo a la ASG; no obstante, fueron devueltas a la Secretaría de este Tribunal por insuficiencias en las direcciones, que impidieron su entrega.

[11] *Véase*, apéndice del recurso, a las págs. 0873-0893.

[12] *Íd.*, a las págs. 01249-1283.

se regía por las órdenes ejecutivas y las cartas circulares promulgadas para este tipo de contratación. En virtud de lo anterior, ratificó que de conformidad con la Ley Núm. 73-2019, según enmendada, 3 LPRA sec. 9831-9841h, solamente ostentaba jurisdicción para revisar adjudicaciones relacionadas a servicios **no** profesionales. Finalmente, devolvió el caso a la Junta de Subastas para procedimientos ulteriores compatibles con su resolución; no sin antes expresar que estaba de acuerdo con la determinación de la Junta de otorgar la buena pro a Xerox.

El 12 de mayo de 2025, Ricoh presentó su recurso de revisión judicial de decisión final administrativa y formuló los siguientes señalamientos de error, los cuales transcribimos textualmente:

> El proceso de impugnar la notificación de la adjudicación de la subasta RFP 24J01599 de 17 de junio de 2024 nunca comenzó a transcurrir ya que el término citado por la junta de subastas en su notificación para los licitadores no agraciados impugnar la notificación de adjudicación ante el Tribunal de Apelaciones se señaló de 30 días cuando el correcto es de 20. También el derecho de revisión administrativa la Junta de Subastas citó erróneamente el dispuesto en la LPAU.
>
> Las direcciones provistas por la junta de subastas de ASG para notificar a XEROX son incompletas.
>
> Erró la junta revisora al referir para eventual disposición de la junta de subastas de ASG su resolución sobre la falta de jurisdicción por ser servicios profesionales los a ser adquiridos, cuando tampoco la Junta de Subastas tiene jurisdicción delegada en su Ley Orgánica para adquisición de servicios profesionales.
>
> Erró la junta revisora al comentar dentro de su resolución su apreciación de que le "parece" la junta de subasta actuó correctamente en otorgar la buena pro a Xerox.

(Énfasis omitido).

De igual manera, el 12 de mayo de 2025, Xerox presentó su recurso de revisión judicial de decisión administrativa y formuló los siguientes señalamientos de error:

> Erró la Junta Revisora al no hallarse carente de jurisdicción bajo el fundamento de que el primer aviso de adjudicación del RFP se tornó final y firme.
>
> Erró la junta revisora al determinar que los servicios a presentarse son profesionales.

Erró la junta revisora al hallarse sin jurisdicción toda vez que la compra de servicios equivale a una compra excepcional bajo la Ley Núm. 73-2019.

(Énfasis omitido).

El 11 de junio de 2025, Xerox y la ASG presentaron sus sendos alegatos en oposición. Por su parte, el 17 de junio de 2025, Ricoh presentó el suyo.

Con el beneficio de la comparecencia de las partes, resolvemos.

II

A

La subasta tradicional y el requerimiento de propuestas (*request for proposals* o RFP) son los dos vehículos procesales que tanto el gobierno central como los municipios utilizan para la adquisición de bienes y servicios. *Puerto Rico Asphalt v. Junta*, 203 DPR 734, 737 (2019). A la luz de que la adjudicación de subastas gubernamentales conlleva el desembolso de fondos públicos, estos procedimientos están revestidos de un gran interés público. *Caribbean Communications v. Pol. de P.R.*, 176 DPR 978, 994 (2009). Por ello, la consideración primordial al momento de determinar quién debe resultar favorecido, debe ir acorde con el interés público de proteger los fondos del erario. *Íd.* Conforme a esto, la norma imperante es procurar conseguir los precios más económicos y evitar el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia y el descuido al otorgarse los contratos, así como minimizar el riesgo de incumplimiento. *Íd.*

Además, el Tribunal Supremo de Puerto Rico ha reiterado que las agencias gozan de una amplia discreción en la evaluación de las propuestas sometidas ante su consideración, pues estas poseen "**una vasta experiencia y especialización que la colocan en mejor posición que el foro judicial para seleccionar el postor que más convenga al interés público**." *Íd.*, a la pág. 1006. (Énfasis nuestro).

Así pues, independientemente de que se trate de un procedimiento de subasta formal o de un requerimiento de propuestas, el Tribunal

Supremo ha resuelto que, una vez se adjudique la buena *pro*, los tribunales no debemos sustituir el criterio de la agencia o junta concernida, a menos que se demuestre que la decisión se tomó de **forma arbitraria o caprichosa, o que medió fraude o mala fe**. *Caribbean Communications v. Pol. de P.R.*, 176 DPR, a la pág. 1006.

Es preciso aclarar que en nuestro ordenamiento jurídico no existe una legislación especial que regule los procesos de subasta. En virtud de ello, corresponde a cada ente gubernamental ejercer su poder reglamentario para establecer el procedimiento y las guías que han de seguir en sus subastas para la adquisición de bienes y servicios. Ello, pues, aunque la Ley Núm. 38-2017, 3 LPRA sec. 9601, *et seq.*, intitulada *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAUG), reglamenta ciertos aspectos de las subastas, esta legislación excluyó de la definición de agencia a los municipios. Por tanto, a estos no les aplican las disposiciones del referido estatuto. *Puerto Rico Asphalt v. Junta,* 203 DPR, a las págs. 737-738.

B

La Administración de Servicios Generales (ASG) es la entidad gubernamental responsable de implementar la política pública relativa a la adquisición de bienes y servicios no profesionales del Gobierno de Puerto Rico. Su operación está regulada por lo dispuesto en la *Ley de la Administración de Servicios Generales para la Centralización de las Compras del Gobierno de Puerto Rico de 2019*, Ley Núm. 73-2019, 3 LPRA sec. 9831-9841h.

Conforme a su ley orgánica, la ASG será el único ente autorizado a realizar y negociar la adquisición de bienes, obras y servicios no profesionales para las entidades gubernamentales, según definidas en el referido estatuto, conforme los métodos de licitación y compras excepcionales allí establecidos. Todas las entidades gubernamentales, independientemente la fuente de fondos para la adquisición (locales o

federales), adquirirán todos los bienes, obras y servicios no profesionales a través de la ASG.

En atención a ello, el estatuto dispone en su Art. 31(d) que los procedimientos de compras y subastas de bienes, obras y servicios no profesionales serán realizados utilizando, entre otros métodos de licitación, la Solicitud de Propuestas o Solicitud de Propuestas Selladas o *Request for Proposal* (RFP). 3 LPRA sec. 9834g.

En lo pertinente, la Ley Núm. 73-2019, 3 LPRA sec. 9831, define los conceptos en controversia de la siguiente manera:

. . . . . . . . .

**i) Compra Excepcional:** toda compra que está exenta de tramitarse mediante el procedimiento de subasta formal o informal, solicitud de propuestas o solicitud de cualificaciones.

. . . . . . . . .

**hh) Servicios no profesionales:** Aquellos servicios que no son ofrecidos por una persona natural o jurídica con conocimientos o habilidades especializadas a quien se le requiere poseer un título universitario o licencia que lo acredite como profesional especializado.

**ii) Servicios profesionales:** Aquellos servicios que son ofrecidos por una persona natural o jurídica con conocimientos o habilidades especializadas a quien se le requiere poseer un título universitario o licencia que lo acredite como profesional especializado; o cuya prestación principal consiste en el producto de la labor intelectual, creativa o artística, o en el manejo de destrezas altamente técnicas o especializadas.

. . . . . . . . .

(Énfasis en el original).

Sobre este particular, el Tribunal Supremo de Puerto Rico ha destacado que un servicio profesional conlleva una vocación, llamado, ocupación o empleo, que supone algún tipo de conocimiento, labor o destreza especializada. *St. James Sec. v. AEE*, 213 DPR 366, 384 (2023). Además, ha aclarado que los servicios profesionales no se limitan a profesiones tradicionales, tales como abogados, médicos, arquitectos e ingenieros. *Íd.*

De otra parte, en cuanto a las compras excepcionales, en su Art. 34 la Ley Núm. 73-2019, según emendada, enumera las compras que podrían

considerarse como excepcionales. Asimismo, dispone que **toda compra excepcional deberá ser recomendada, mediante escrito, por el Administrador Auxiliar de Adquisiciones y autorizada por el Oficial de Licitación**. 3 LPRA sec. 9834j.

Sobre el término para recurrir en revisión judicial de una decisión final administrativa, el estatuto dispone en su Art. 68, 3 LPRA sec. 9838e, que la parte adversamente afectada por la determinación de la Junta Revisora podrá presentar un recurso de revisión ante el Tribunal de Apelaciones conforme a lo establecido en Ley 38-2017, según enmendada, conocida como la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAUG), 3 LPRA sec. 9601-9713.

En lo pertinente a la controversia que atendemos, la LPAUG establece en su Sección 3.19 cómo se llevará a cabo el procedimiento y los términos para solicitar revisión administrativa en la adjudicación de procesos de licitación pública. En particular, dispone que la presentación del recurso de revisión administrativa ante la Junta Revisora de Subastas de la ASG[13] será un requisito jurisdiccional antes de presentar un recurso de revisión judicial ante este Tribunal de Apelaciones. A su vez, establece que la parte adversamente afectada **tendrá un término jurisdiccional de veinte (20) días calendario para presentar un recurso de revisión judicial ante este foro intermedio**, contados a partir del depósito en el correo federal o de remitida la determinación por correo electrónico, lo que ocurra primero, ya sea de la adjudicación de la solicitud de revisión administrativa ante la Junta Revisora de Subastas de la ASG, o cuando venza el término que tenía la Junta Revisora de Subastas para determinar si acoge o no la solicitud de revisión administrativa. 3 LPRA sec. 9659.

---

[13] La Junta Revisora de Subastas está adscrita a la ASG, y es de naturaleza cuasi judicial. La misma está facultada para revisar cualquier impugnación de las adjudicaciones hechas por la Junta de Subastas de la ASG. 3 LPRA sec. 9837. La Junta Revisora recibirá de la ASG, y ésta otorgará a dicha Junta, el apoyo administrativo necesario para el descargo de sus funciones. Ahora bien, la Junta Revisora tendrá autonomía operacional, seguirá el ordenamiento correspondiente establecido en la Ley Núm. 73-2019 y actuará de forma independiente de la ASG y de su Junta de Subastas. *Id.*

C

La norma reiterada es a los efectos de que las decisiones de los organismos administrativos merecen la mayor deferencia judicial, pues son estos los que cuentan con el conocimiento experto de los asuntos que les son encomendados. *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021). Además, al momento de revisar una decisión administrativa, el criterio rector para los tribunales será la razonabilidad de la actuación de la agencia. *González Segarra et al. v. CFSE*, 188 DPR 252, 276 (2013). Debido a que toda sentencia o determinación administrativa está protegida por una presunción de corrección y validez, la parte que acude a este Tribunal de Apelaciones tiene el deber de colocar a este foro en posición de conceder el remedio solicitado. *Morán v. Martí,* 165 DPR 356, 366 (2005).

A su vez, el estándar de revisión judicial en materia de decisiones administrativas se circunscribe a determinar: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hechos de la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo; y, (3) si las conclusiones de derecho fueron correctas. *Asoc. Fcias. v. Caribe Specialty et al. II*, 179 DPR 923, 940 (2010).

Así pues, como norma general, las determinaciones de hechos de organismos y agencias "tienen a su favor una presunción de regularidad y corrección que debe ser respetada mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas". *Vélez v. A.R.Pe.*, 167 DPR 684, 693 (2006). Por ello, la revisión judicial ha de limitarse a determinar si la agencia actuó de manera arbitraria, ilegal, irrazonable, o fuera del marco de los poderes que se le delegaron. *Torres v. Junta Ingenieros*, 161 DPR 696, 708 (2004).

De otra parte, las conclusiones de derecho de las agencias administrativas serán revisables en toda su extensión. *Rolando Vázquez, y otro v. Consejo de Titulares y Junta de Directores del Condominio Los*

*Corales, y otro*, opinión de 21 de mayo de 2025, 2025 TSPR 56, 215 DPR _____; a la pág. 28; *Asoc. Fcias. v. Caribe Specialty et al. II*, 179 DPR, a la pág. 941. Sin embargo, esto no significa que los tribunales podemos descartar libremente las conclusiones e interpretaciones de la agencia. *Otero v. Toyota*, 163 DPR 716, 729 (2005).

En fin, como ha consignado el Tribunal Supremo de Puerto Rico, la deferencia concedida a las agencias administrativas únicamente cederá cuando: (1) la determinación administrativa no esté basada en evidencia sustancial; (2) el organismo administrativo haya errado en la aplicación o interpretación de las leyes o los reglamentos que se le ha encomendado administrar; (3) cuando el organismo administrativo actúe arbitraria, irrazonable o ilegalmente, al realizar determinaciones carentes de una base racional; o, (4) cuando la actuación administrativa lesione derechos constitucionales fundamentales. *Super Asphalt v. AFI y otro*, 206 DPR, a la pág. 819, que cita a *Torres Rivera v. Policía de PR*, 196 DPR 606, 628 (2016); *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712, 744-745 (2012).

III

Ricoh, quien en su recurso expresa estar de acuerdo en cuanto a que la Junta Revisora de Subastas carece de jurisdicción, tiene dos planteamientos principales. En primer lugar, pretende impugnar **nuevamente** ante este foro la notificación de la adjudicación de la subasta RFP 24J01599 emitida el 17 de junio de 2024. Aduce que los términos para recurrir de esta nunca iniciaron debido a que, en la notificación de adjudicación de la subasta, la Junta de Subastas de la ASG citó erróneamente los términos aplicables. A su vez, señala como error que las direcciones provistas por la Junta de Subastas de la ASG para notificar a Xerox estaban incompletas.

En segundo lugar, plantea que la Junta Revisora erró al referir su caso a la Junta de Subastas de la ASG para su eventual disposición. En particular, arguye que la Junta de Subastas tampoco posee jurisdicción

delegada por su ley orgánica para tramitar la adquisición de servicios profesionales. Señala que la Junta Revisora erró al comentar dentro de su resolución su apreciación en cuanto a que le parecía que la Junta de Subastas de la ASG había actuado correctamente al otorgar la buena pro a Xerox.

En cuanto al primer planteamiento de Ricoh, reiteramos que este Tribunal de Apelaciones se expresó sobre la insuficiencia de la notificación emitida el 17 de junio de 2024. Si bien concedemos que los términos citados en esa primera notificación de la adjudicación no eran correctos, un estudio superficial de la notificación enmendada, según fue notificada el 7 de febrero de 2025, revela que la Junta de Subastas de la ASG corrigió dichos defectos y apercibió a las partes de su derecho a acudir en alzada y de los términos para ello[14]. Por tanto, no podemos sino concluir que el primer error señalado por Ricoh no fue cometido.

En cuanto al señalamiento de Ricoh respeto a que las direcciones para notificar a Xerox fueron informadas de manera incompleta, la ASG arguye que Ricoh induce a error a este Tribunal por hacer referencia a la dirección que se le comunicó con referencia a la adjudicación del 17 de junio de 2024, y no a la notificación enmendada del 7 de febrero de 2025. En esencia, Xerox acoge el planteamiento de la ASG y añade que el referido error no es justiciable en esta etapa de los procedimientos, puesto que se trata de un subterfugio para impugnar las deficiencias en el perfeccionamiento del recurso de revisión presentado y adjudicado por este foro intermedio previamente.

Examinado el expediente, en efecto surge que, con relación al recurso relacionado a la primera notificación de adjudicación, la dirección que le fue proporcionada a Ricoh para poder notificar a Xerox estaba incompleta. No obstante, en cuanto a la dirección que le fue proporcionada en cuanto a la notificación de la adjudicación enmendada, la referida

---

[14] *Véase*, apéndice del recurso, a las págs. 872A-872N.

omisión fue corregida por la ASG[15]. Nuevamente, nos encontramos ante un señalamiento con el que se pretende mediante este recurso impugnar la notificación de una resolución que este foro dejó sin efecto.

En cuanto al segundo planteamiento de Ricoh, la ASG plantea que el referido señalamiento carece de fundamento legal alguno. Arguye que, de ser esta la postura, Ricoh debió impugnar el pliego, según lo permite el Reglamento Núm. 9230-2020, en sus secciones 7.4.8 y 7.3.6. Aduce que, contrario a lo planteado por Ricoh, no adquirió servicios profesionales, sino que llegó a un acuerdo colaborativo, conforme lo autoriza el Art. 10(d) de la Ley Núm. 73-2019.

Por su parte, en cuanto al referido error, Xerox resaltó que, si bien el RFP era uno de servicios no profesionales, fue la ADSEF quien en el proceso de contratación reconoció y catalogó estos servicios como profesionales, y es en virtud de tal actuación que la Junta Revisora de Subastas se declaró sin jurisdicción para atender las controversias que le fueron planteadas por Ricoh. Es menester recalcar que tanto la ASG como Xerox estuvieron de acuerdo con que, si bien el contrato suscrito por la ADSEF y Xerox contenía cláusulas que nombraban los servicios como profesionales, este no cumplía con los requisitos para ser considerado un contrato de servicios profesionales, conforme la definición de la Ley Núm. 73-2019.

Según discutimos, la ASG es la entidad gubernamental responsable de implementar la política pública relativa a la adquisición de bienes y servicios no profesionales del Gobierno de Puerto Rico. La referida agencia podrá, conforme a su ley orgánica, utilizar como método de licitación la solicitud de propuestas o RFP para adquirir obras y los mencionados servicios no profesionales.

Revisado el pliego de solicitud de propuestas, según publicado por la ASG el 23 de agosto de 2023, nada surge en cuanto al alcance del trabajo y especificaciones que califique los servicios a prestarse como

---

[15] *Véase*, apéndice del recurso, a las págs. 872.Z-872.Z.3.

profesionales, conforme los define la Ley Núm. 73-2019. En particular, al definir los servicios de digitalización e indexación u otras tareas a realizarse, ninguna sugiere que se requiera poseer un título universitario o licencia que le acredite como profesional especializado; o que su prestación principal consista en el producto de la labor intelectual, o manejo de destrezas altamente técnicas o especializadas. En ese sentido, no podemos sino concluir que la ASG no realizó una solicitud de propuestas en búsqueda de servicios profesionales, y actuó cónsono con los poderes que le fueron delegados mediante su ley orgánica.

Por su parte, si bien Xerox también está de acuerdo en que la Junta Revisora no tiene jurisdicción para atender el recurso de revisión administrativa, plantea que esta erró en cuanto al fundamento. Arguye que su determinación debió estar fundamentada en que el primer aviso de adjudicación del RFP se había tornado final y firme. A su vez, señaló que la Junta Revisora incidió al declarar que los servicios a prestarse por Xerox eran "servicios profesionales". En la alternativa, propuso que se trataba de una compra excepcional al amparo de la Ley Núm. 73-2019.

En cuanto a su primer señalamiento de error, Xerox sostiene que la adjudicación original se tornó final y firme, por lo que la Junta de Subastas actuó sin jurisdicción al notificar por segunda ocasión la adjudicación de la subasta. En particular, arguye que no se perfeccionó una solicitud de revisión conforme a derecho y que todo procedimiento posterior al otorgamiento del contrato con la ADSEF tornó académicos los procedimientos administrativos posteriores.

Como discutimos, este foro ya se expresó sobre la notificación original de la adjudicación de la subasta o RFP, y cómo esta resultaba inoficiosa. Resaltamos que la ASG recibió el mandato de este Tribunal previo a que la ADSEF, el Departamento de la Familia y Xerox subscribieran el contrato objeto de controversia y, conforme a nuestro mandato, la Junta de Subastas emitió su adjudicación enmendada objeto de este dictamen.

En su segundo señalamiento de error, Xerox plantea que la Junta Revisora de Subastas erró al declarar que el contrato suscrito entre este, ADSEF y el Departamento de la Familia era de servicios profesionales. En síntesis, arguye que, si bien las cláusulas del contrato designan los servicios como profesionales, un análisis de estas revela que ello no es así[16].

Por su parte, Ricoh coincide con la Junta Revisora de Subastas en cuanto a que se trata de un contrato de servicios profesionales. Arguye que ello fue definido de esta manera desde la invitación al RFP. Sostiene que ello queda demostrado con la descripción de los servicios y capacidades especializadas.

Según discutimos, conforme al estatuto que rige a la ASG, los servicios profesionales son aquellos ofrecidos por una persona natural o jurídica con conocimientos o habilidades especializadas a quien se le requiere poseer un título universitario o licencia que lo acredite como profesional especializado; o cuya prestación principal consiste en el producto de la labor intelectual, creativa o artística, o en el manejo de destrezas altamente técnicas o especializadas.

Examinado el pliego del RFP y el contrato suscrito entre Xerox y la ADSEF, a la luz de la normativa aplicable, resolvemos que, si bien estos designan los servicios a prestarse como profesionales, al analizar la

---

[16] En particular, el aludido contrato hace referencia en dos ocasiones a servicios profesionales; en lo pertinente, disponen:

.     .     .     .     .     .     .     .     .

**POR CUANTO: La PRIMERA PARTE**, tiene la necesidad de contratar los servicios de digitalización e indexación de los documentos que obran en los expedientes de participantes y comerciantes de los programas que maneja la PRIMERA PARTE. Estos servicios requieren de recursos altamente especializados con los cuales la **PRIMERA PARTE** no cuenta.

.     .     .     .     .     .     .     .     .

La **PRIMERA PARTE** certifica que la **SEGUNDA PARTE** fue seleccionada como proveedor de los servicios descritos en este contrato de conformidad con lo dispuesto en la Orden Ejecutiva 2021-029 y la Carta Circular Núm. 013-2021 de la Oficina de Gerencia y Presupuesto del 7 de junio de 2021. Asimismo, ambas partes certifican que conocen las disposiciones de dicha Orden Ejecutiva y la Carta Circular y que toda contratación cubierta por esta, que no haya seguido los procesos y requisitos allí establecidos será rescindida.

*Véase*, apéndice del recurso a las págs. 886.A y 886.U. (Énfasis en el original).

descripción de los servicios y las exigencias del RFP ciertamente estas no requieren el grado de especialización definido en la Ley Núm. 73-2019[17]. Cónsono con ello, no podemos sino determinar que, contrario a lo planteado por las partes recurrentes y la propia Junta Revisora de Subastas, esta sí tenía jurisdicción para atender las controversias planteadas por Ricoh. Conforme establecimos, la referida Junta Revisora está facultada para revisar cualquier impugnación de las adjudicaciones hechas por la Junta de Subastas de la ASG relacionadas con servicios no profesionales.

Finalmente, en cuanto al planteamiento de Xerox en cuanto a que se trataba de una compra excepcional ya establecimos que, en cuanto a este tipo de compras, la Ley núm. 73-2019 enumera las compras que podrían considerarse como excepcionales. Asimismo, dispone que **toda compra excepcional deberá ser recomendada, mediante escrito, por el Administrador Auxiliar de Adquisiciones y autorizada por el Oficial de Licitación**. Nada surge del expediente que sugiera que se cumplen los requisitos establecidos por la ley aplicable. Por tanto, concluimos que no se cometió el aludido error.

IV

Por los fundamentos expuestos **revocamos** la resolución recurrida y devolvemos el caso a la Junta Revisora de Subastas de la Administración de Servicios Generales para la atención en sus méritos de la impugnación del RFP en controversia.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones